UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AH'NICE NEKOL-ANDREA BATTLE,

        Plaintiff,

v.

JUDGE ERANE C. WASHINGTON *et al.*,

        Defendants.

Case No.  25-cv-11322
Hon. Matthew F. Leitman

_____/

## ORDER (1) SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) AND (2) TERMINATING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 10) WITHOUT PREJUDICE

On May 5, 2025, Plaintiff Ah'Nice Nekol-Andrea Battle filed this lawsuit against three state court judges, the owner of a Washtenaw County apartment complex where Battle appears to have previously leased property, and the apartment complex's attorney. (*See* Compl., ECF No. 1.)  She challenges the judges' actions and decisions in separate state court litigation that she and the apartment complex are involved in, and she claims that the Defendants, individually and collectively, violated her constitutional rights. (*See id.*)

The Court has conducted a preliminary screening of Battle's Complaint, and for the reasons explained below, the Court (1) dismisses Battle's federal claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)-(2) for failure to state a claim

upon which relief may be granted and (2) declines to exercise supplemental jurisdiction over her remaining state-law claims.

## I

Battle's Complaint is difficult to follow and does not include a detailed recitation of the facts, but it appears that Battle rented residential property from Defendant Ranches of Rosebrook/Ypsi Ranches, LLC and then attempted to rescind her lease. (*See* Compl. at ¶ 6, ECF No. 1, PageID.2.) That attempted recission led to litigation in the Michigan state courts between Battle and Ranches of Rosebrook. Battle alleges that various state court judges who oversaw that litigation "ignored" her arguments, "denied [her] a meaningful opportunity to be heard," and otherwise acted improperly during that state court litigation. (*Id.* at ¶¶ 10-13, PageID.2-3.) She also claims that Ranches of Rosebrook's attorney, Defendant David Fantera, committed misconduct during the state court litigation. (*See id.* at ¶ 12, PageID.2.)

Battle brings the following claims against the Defendants:

- "Denial of Due Process (Fifth Amendment)" against Judges Erane Washington, Hillary Braley, and Tracey Van Den Bergh (Count I);

- "Abuse of Power/Acting Without Jurisdiction" against Judges Washington, Braley, and Van Den Bergh (Count II);

- "Fraud and Misrepresentation Under Color of Law" against Fantera (Count III);

2

- "Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)" against all Defendants (Count IV); and

- "Unlawful Seizure/Violation of Property Rights" against all Defendants (Count V).

## II

On May 19, 2025, the Court granted Battle *in forma pauperis* status in this action. (*See* Order, ECF No. 11.)  Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints, including those filed by *pro se* plaintiffs, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the

3

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## III

### A

The Court begins with Battle's federal claims against Judges Washington, Braley, and Van Den Bergh in Counts I, II, and V of the Complaint. Those claims fail and must be dismissed because Judges Washington, Braley, and Van Den Bergh are immune from Battle's claims based on judicial immunity.

"For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). *See also* see *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "'Judges are [therefore] generally absolutely immune from civil suits for money damages, including § 1983 suits.'" *Brown v.*

*Martino*, 2025 WL 1372821, at *1 (E.D. Mich. May 12, 2025) (summarily dismissing claim against administrative law judge under Section 1915 on the basis of judicial immunity) (quoting *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999)). *See also Mackey v. Berryman*, 2019 WL 197000, at *5 (E.D. Mich. Jan. 15, 2019) ("[T]he reasons supporting absolute [judicial][ immunity in section 1983 cases apply with equal force to cases pursued under section 1985"). This immunity also applies to requests for injunctive relief. *See Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)). "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.'" *Brown*, 2025 WL 1372821, at *1 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

Here, Battle cannot overcome the judges' judicial immunity. Such immunity "is overcome in only two sets of circumstances," *Mireles*, 502 U.S. at 11-12, and neither circumstance is arguably present here. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* at 11. Here, while Battle's factual allegations are sparse, all of her complaints about the conduct of the state-court judges (*i.e.*, issuing rulings against her or not providing her what she considered to be a full opportunity to present her arguments during court hearings) fall squarely within the types of judicial actions that judges routinely take in their judicial capacity.

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.  And while Battle does claim that the Defendant judges acted without jurisdiction (*see*, *e.g.*, Compl., ECF No. 1, PageID.3), she has not pleaded any *facts* that could support such a finding.  As the Sixth Circuit has explained, "[o]nly in the absence of *subject matter jurisdiction* are judicial actors devoid of the shield of immunity," and "[e]ven grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity." *Stern v. Masico*, 262 F.3d 600, 607 (6th Cir. 2001) (emphasis in original).  But here, Battle has not alleged any facts to support her lack-of-jurisdiction claim.  Simply put, her "formulaic recitation of the elements of [her] cause of action will not do." *Iqbal*, 556 U.S. at 678 (2009).

For all of these reasons, Judges Washington, Braley, and Van Den Bergh are entitled to dismissal of the claims brought against them.[1]

---

[1] To the extent that Battle seeks a declaration that Judges Washington, Braley, and Van Den Bergh "violated [her] constitutional rights" (Compl., ECF No. 1, PageID.3), Battle likewise has not pleaded sufficient facts that could show how her constitutional rights were violated or that could support such a declaration.

**B**

The Court next turns to the federal claims against Defendants Ranches of Rosebrook and its attorney, David Fantera.  To the extent that Rosebrook brings claims against Ranches of Rosebrook and Fantera for the violation of her constitutional rights under Section 1983 (*see* Compl., Count V), those claims fail because Ranches of Rosebrook and Fantera are not state actors and are therefore not liable under Section 1983. *See*, *e.g.*, *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Rudd v. City of North Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (citing *American*). And while a private person may be liable for alleged civil rights violations under Section 1983 when that person's conduct is "fairly attributable" to the state, *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001), Battle has not alleged any facts that could show that Ranches of Rosebrook or Fantera acted at the behest of, or in concert with, state officials. *See Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (affirming dismissal of claim under Section 1915(e)(2) against plaintiff's criminal counsel and holding that the attorney was "not subject to suit under § 1983 since he [was] not a state actor"); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001) (same).

Unlike Section 1983, a private person can properly be named in a conspiracy claim brought under Section 1985.  And Battle has brought such a Section 1985 claim against Ranches of Rosebrook and Fantera here. (*See* Compl., Count IV.)  But Battle has failed to plead a viable Section 1985 claim.  To state a claim under Section 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).  In addition, "the Supreme Court has stated that '[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id.* (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)).  Here, Battle has not pleaded any facts that the actions of any of the Defendants, including Ranches of Rosebrook and Fantera, were "in any way motivated by racial or other class-based animus." *Id.*  "Because [Battle] has not [alleged … an] invidiously discriminatory animus," *id.*, her Section 1985 claim must be dismissed.

**C**

Finally, the Court turns to the remaining state-law claims that Battle has brought against the Defendants.   Those claims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.  That statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (internal quotation marks omitted) (affirming district court's refusal to assert supplemental jurisdiction). Indeed, district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999). "District courts may decline to exercise supplemental jurisdiction over a claim" where, among other things, the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, the court exercises its "broad discretion" to decline to exercise supplemental jurisdiction over Battle's remaining state-law claims because it has

dismissed all of her claims over which it has original jurisdiction.  Battle may pursue those remaining claims in state court.[2]

**IV**

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Battle's federal claims against the Defendants are **DISMISSED** for failure to state a viable claim; and

- The Court **DECLINES** to exercise supplemental jurisdiction over Battle's remaining state-law claims.  Those claims are likewise **DISMISSED**.

In addition, because the Court has dismissed all of Battle's claims, it will **TERMINATE** her currently pending motion for a temporary restraining order (ECF No. 10) **WITHOUT PREJUDICE AS MOOT**.

Finally, an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 28, 2025

---

[2] Battle has not pleaded that the Court has jurisdiction over her state-law claims on any basis other than supplemental jurisdiction.  For example, she has not attempted to plead the existence of the Court's diversity jurisdiction, nor does that it appear that she could do so, as it appears that all (or nearly all) of the parties are citizens of the State of Michigan.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
